UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES JONES,<br><br>　　　　　　Defendant. | Case No.　1:25-cv-00629-JLT-EPG<br><br>ORDER PERMITTING SUPPLEMENT IN SUPPORT OF MOTION FOR SERVICE BY PUBLICATION<br><br>(ECF No. 11) |

### I.  INTRODUCTION

In this civil action filed on May 27, 2025, Plaintiff Travelers Property Casualty Company of America seeks declaratory relief against Defendant James Jones regarding coverage under an insurance policy. (ECF No. 1). Asserting that it cannot serve Defendant by conventional means, Plaintiff has filed a motion for service on Defendant by publication. (ECF No. 9).

Upon review, the Court will permit Plaintiff to file a supplement in support its motion to address the issues raised in this order.

### II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 4(e)(1) permits service on an individual defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Here, Plaintiff requests permission to serve Defendant under California Code of Civil Procedure § 415.50(a)(1), which provides as follows:

> A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served

1

cannot with reasonable diligence be served in another manner specified in this article and . . . [a] cause of action exists against the party upon whom service is to be made . . . .

Cal. Civ. Proc. Code § 415.50(a)(1). Generally, service by publication is carried out by publishing the summons "in a named newspaper . . . that is most likely to give actual notice to the party to be served." Cal. Civ. Proc. Code § 415.50(b).

However, personal service is the preferred method of service in California, and "[c]onsistent with the notions of fair play and due process, substituted service by publication is 'a last resort' when 'reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication' has been exercised." *Calvert v. Al Binali*, 29 Cal. App. 5th 954, 963 (2018) (quoting *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 332 (1978)). Accordingly, service by publication comes with some stringent requirements to establish both "reasonable diligence" and "a cause of action."

Beginning with "reasonable diligence," a court must be satisfied that a plaintiff has expended reasonable effort in trying to locate a defendant.

> "The term 'reasonable diligence' takes its meaning from the former law: it denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney (See *Vorburg v. Vorburg* [ (1941) 18 Cal.2d 794] at p. 797 [117 P.2d 875]; *Stern v. Judson* (1912) 163 Cal. 726, 736 [127 P. 38]; *Rue v. Quinn* [ (1902) 137 Cal. 651,] at p. 657 [70 P. 732]). A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication." (See Cal. Judicial Council Comment, West Ann.Code Civ.Proc. (1973 ed.) § 415.50, pp. 561–563.) However, the showing of diligence in a given case must rest on its own facts and "[n]o single formula nor mode of search can be said to constitute due diligence in every case." (*Donel, Inc. v. Badalian* (1978) 87 Cal.App.3d 327, 333, 150 Cal.Rptr. 855.)

*Kott v. Superior Ct.*, 45 Cal. App. 4th 1126, 1137-38 (1996).

As for establishing "a cause of action," a court must be satisfied that a cause of action exists in the case for purposes of establishing jurisdiction.

> For the purpose of service by publication, the existence of a cause of action is a jurisdictional fact. (*Columbia Screw Co. v. Warner Lock Co.* (1903) 138 Cal. 445, 448, 71 P. 498; *Forbes v. Hyde, supra*, 31 Cal. at p. 353.) 'An affidavit in proper

> form . . . is a jurisdictional basis of the order for publication: '(T)here must be an affidavit containing a statement of some fact which would be legal evidence, having some appreciable tendency to make the jurisdictional fact appear, for the Judge to act upon before he has any jurisdiction to make the order. Unless the affidavit contains some such evidence tending to establish every material jurisdictional fact, the Judge has no legal authority to be satisfied, and, if he makes the order, he acts without jurisdiction, and all proceedings based upon it are void. (Citations.)" (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, s 639, pp. 1431—1432.)

*Harris v. Cavasso*, 68 Cal. App. 3d 723, 726-27 (1977).

### III.   PLAINTIFF'S MOTION

With these standards in mind, the Court turns to Plaintiff's motion. Beginning with "reasonable diligence," Plaintiff's counsel, NaQuia Brown, has provided a declaration outlining the service attempts on Defendant. (ECF No. 9, pp. 7-9). For example, the declaration describes one of Plaintiff's attempts to serve Defendant as follows:

> On June 6, 2025, Travelers attempted to serve defendant James Jones at his last known address. This address was found by typing in Mr. Jones's date of birth and social security number in the Westlaw People Map report. The male at the address informed the server that he did not know the defendant. Attached hereto as **Exhibit 1** is a true and correct copy of the declaration of due diligence detailing the prior service attempt made to locate and serve Defendant.

(ECF No. 11, p. 9).

As for establishing a "cause of action," the motion notes that this is a requirement of § 415.50(a)(1), but provides no developed argument nor "independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action." *Rose v. Seamless Fin. Corp. Inc.*, No. 11CV240 AJB KSC, 2013 WL 1285515, at *3 (S.D. Cal. Mar. 26, 2013). Notably, the declaration of counsel contains no such facts. Moreover, while the Court does not decide the issue, caselaw generally indicates that it should be the Plaintiff to provide such facts since they must be based on personal knowledge of the cause of action. *See Colonize Media, Inc.*, 2021 WL 1839697, at *3 ("Generally, it is the plaintiff who makes the affidavit as to the cause of action."); *Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 304 (S.D. Cal. 2020) ("Affidavits by a plaintiff's attorney have been held insufficient to meet the jurisdictional requirement for a court to issue an order for publication.").

Further, as noted above, § 415.50(b) requires publication of a "summons to be published

in a named newspaper . . . that is most likely to give actual notice to the party served." Plaintiff requests publication in a California newspaper but does not name one that is most likely to give actual notice to Defendant. (*See* ECF No. 11, p. 7 – "Because the last known addresses are in California and Defendant is believed to still be residing in California, service by publication in a newspaper of general circulation within California is both appropriate and necessary to ensure compliance with due process and to move this matter forward.").

Lastly, Plaintiff alternatively seeks leave to serve Defendant through his purported attorney, who asserts that he has not been authorized to accept service for Defendant. (ECF No. 11, p. 2 – "Mr. Daurio has already confirmed that he is counsel for Mr. Jones in this very action but has not been allowed to accept service."). However, Plaintiff cites no applicable legal authority for this means of service. *See Nhoung Van Nguyen v. Lucky*, No. EDCV 18-1452 JGB SPx, 2018 WL 10014508, at *1 (C.D. Cal. Aug. 13, 2018) ("Under Rule 4(e), service for an individual upon an agent can only be proper when the agent is 'authorized by appointment or by law to receive service of process.' Fed. R. Civ. P. 4(e). Accordingly, service upon Ryan Miller, Defendants' purported counsel, is insufficient without any evidence that Miller was authorized to receive service on behalf of Lucky. *See J. and L. Parking Corp., Inc. v. United States*, 834 F. Supp. 99, 102 (S.D.N.Y. 1993) (noting an attorney does not become a client's agent for service of process simply because she represented the client in an earlier action).").

Accordingly, the Court will also permit Plaintiff to supplement this request with legal authority permitting this form of substitute service if it chooses.

## IV.   CONCLUSION

Accordingly, IT IS ORDERED as follows:

1. By no later than December 19, 2025, Plaintiff is permitted to file a supplemental brief and/or evidence in support of its motion addressing the issues discussed above.

\\\
\\\
\\\
\\\
\\\

4

2. If Plaintiff chooses not to do so, the Court will rule on the motion based on the current briefing and attachments.

IT IS SO ORDERED.

Dated:  **November 20, 2025**               /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE

5