UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES JONES,<br><br>　　　　　Defendant. | Case No. 1:25-cv-00629-JLT-EPG<br><br>ORDER PERMITTING SUPPLEMENT IN SUPPORT OF MOTION FOR SERVICE BY PUBLICATION<br><br>(ECF Nos. 11, 15) |

**I.　INTRODUCTION**

In this civil action, Plaintiff Travelers Property Casualty Company of America seeks declaratory relief against Defendant James Jones. (ECF No. 1). Asserting that it cannot serve Defendant by conventional means, Plaintiff has filed a motion to serve Defendant by publication or by serving his purported attorney, Michael Daurio. (ECF Nos, 11, 15).

Upon review, the Court will grant Plaintiff's motion to the extent that it will permit service on Defendant by publication.

**II.　BACKGROUND**

Plaintiff filed this lawsuit on May 27, 2025. (ECF No. 1). Plaintiff seeks declaratory relief regarding insurance benefits that Defendant seeks to recover in connection with a vehicle accident occurring on May 31, 2019, in Chowchilla, California. (*Id.* at 5-6).

After Plaintiff was unable to serve Defendant, the Court continued the scheduling conference and extended the deadline to serve Defendant. (ECF No. 8).

On October 24, 2025, Plaintiff moved "for an order allowing service of Travelers'

complaint on defendant James Jones by publication pursuant to Federal Rule of Civil Procedure 4(e)(1) and California Code of Civil Procedure Section 415.50 or to allow substitute service on Michael Daurio, Esq., of BD&J," *i.e.*, Defendant's purported attorney. (ECF No. 11).

After reviewing the motion, the Court issued an order noting the relevant legal standards and permitted Plaintiff the opportunity to address certain issues in a supplement. (ECF No. 14). Specifically, the Court noted that Plaintiff failed to (1) establish a cause of action; (2) identify a named newspaper most likely to give actual notice to Defendant if service by publication were permitted; and (3) cite applicable authority permitting it to serve Attorney Daurio on Defendant's behalf. (*Id.* at 3-4).

On December 19, 2025, Plaintiff timely filed a supplement addressing the cause-of-action requirement and identifying a named newspaper. (ECF No. 15). However, Plaintiff fails to cite any authority permitting service on Attorney Daurio.

Upon consideration of Plaintiff's motion and supplement, the Court will grant Plaintiff's motion to the extent that it will permit Plaintiff to serve Defendant by publication; however, it will deny the motion to the extent that Plaintiff seeks to serve Defendant by serving Attorney Daurio.

### III.    LEGAL STANDARDS

Federal Rule of Civil Procedure 4(e)(1) permits service on an individual defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Here, Plaintiff requests permission to serve Defendant under California Code of Civil Procedure § 415.50(a)(1), which provides as follows:

> A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and . . . [a] cause of action exists against the party upon whom service is to be made . . . .

Cal. Civ. Proc. Code § 415.50(a)(1).

> The court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served. . . . The order shall direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication of the

2

> summons. Except as otherwise provided by statute, the publication shall be made as provided by Section 6064 of the Government Code unless the court, in its discretion, orders publication for a longer period.

Cal. Civ. Proc. Code § 415.50(b). In turn, § 6064 provides as follows:

> Publication of notice pursuant to this section shall be once a week for four successive weeks. Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient. The period of notice commences with the first day of publication and terminates at the end of the twenty-eighth day, including therein the first day.

Cal. Gov't Code § 6064.

Despite the provision of service by publication under California law, personal service is the preferred method of service, and "[c]onsistent with the notions of fair play and due process, substituted service by publication is 'a last resort' when 'reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication' has been exercised." *Calvert v. Al Binali*, 29 Cal. App. 5th 954, 963 (2018) (quoting *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 332 (1978)). Accordingly, service by publication comes with stringent requirements to establish both "reasonable diligence" and "a cause of action."

Beginning with "reasonable diligence," a court must be satisfied that a plaintiff has expended reasonable effort in trying to locate a defendant.

> "The term 'reasonable diligence' takes its meaning from the former law: it denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney (See *Vorburg v. Vorburg* [ (1941) 18 Cal.2d 794] at p. 797 [117 P.2d 875]; *Stern v. Judson* (1912) 163 Cal. 726, 736 [127 P. 38]; *Rue v. Quinn* [ (1902) 137 Cal. 651,] at p. 657 [70 P. 732]). A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication." (See Cal. Judicial Council Comment, West Ann.Code Civ.Proc. (1973 ed.) § 415.50, pp. 561–563.) However, the showing of diligence in a given case must rest on its own facts and "[n]o single formula nor mode of search can be said to constitute due diligence in every case." (*Donel, Inc. v. Badalian* (1978) 87 Cal.App.3d 327, 333, 150 Cal.Rptr. 855.)

*Kott v. Superior Ct.*, 45 Cal. App. 4th 1126, 1137-38 (1996).

As for establishing "a cause of action," a court must be satisfied that a cause of

action exists in the case for purposes of establishing jurisdiction.

> For the purpose of service by publication, the existence of a cause of action is a jurisdictional fact. (*Columbia Screw Co. v. Warner Lock Co.* (1903) 138 Cal. 445, 448, 71 P. 498; *Forbes v. Hyde, supra*, 31 Cal. at p. 353.) 'An affidavit in proper form . . . is a jurisdictional basis of the order for publication: '(T)here must be an affidavit containing a statement of some fact which would be legal evidence, having some appreciable tendency to make the jurisdictional fact appear, for the Judge to act upon before he has any jurisdiction to make the order. Unless the affidavit contains some such evidence tending to establish every material jurisdictional fact, the Judge has no legal authority to be satisfied, and, if he makes the order, he acts without jurisdiction, and all proceedings based upon it are void. (Citations.)'" (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, s 639, pp. 1431—1432.)

*Harris v. Cavasso*, 68 Cal. App. 3d 723, 726-27 (1977).

### IV. PLAINTIFF'S MOTION

#### A. Reasonable Diligence

With these standards in mind, the Court turns to Plaintiff's motion. Beginning with "reasonable diligence," Plaintiff's counsel, NaQuia Brown, has provided a declaration outlining various service attempts on Defendant. (ECF No. 11, pp. 7-9; *see also* ECF No. 15-2). For example, the declaration describes one of Plaintiff's attempts to serve Defendant as follows:

> On June 6, 2025, Travelers attempted to serve defendant James Jones at his last known address. This address was found by typing in Mr. Jones's date of birth and social security number in the Westlaw People Map report. The male at the address informed the server that he did not know the defendant. Attached hereto as **Exhibit 1** is a true and correct copy of the declaration of due diligence detailing the prior service attempt made to locate and serve Defendant.

(ECF No. 11, p. 9).

The declaration continues in this manner, listing over a dozen attempts to serve Defendant between June 2025 to September 2025, and identifying the various types of information utilized to try to serve Defendant for each attempt.

In summary, Plaintiff has made multiple efforts to ascertain an address for Defendant and has repeatedly attempted to serve Defendant at the addresses that Plaintiff could find. The Court concludes that Plaintiff has demonstrated reasonable diligence.

#### B. Cause of Action

Plaintiff's complaint brings a cause of action for declaratory relief. (ECF No. 1, p. 6). With its supplement, Plaintiff has submitted the declaration of its assigned claims adjuster, David

4

Stein, regarding the insurance policy at issue and the underlying insurance claim involving Defendant. (ECF No. 15-1, p. 1); *see Colonize Media, Inc.*, 2021 WL 1839697, at *3 ("Generally, it is the plaintiff who makes the affidavit as to the cause of action."); *Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 304 (S.D. Cal. 2020) ("Affidavits by a plaintiff's attorney have been held insufficient to meet the jurisdictional requirement for a court to issue an order for publication.").

Among other things, the declaration describes the terms of the insurance policy, including exclusions, and recounts Defendant's demand for insurance benefits and the parties' coverage dispute. (ECF No. 15-1, pp. 2-3). Further, Plaintiff has provided legal argument in its supplement explaining why it believes it has a meritorious cause of action for declaratory relief. (ECF No. 15, pp. 4-6).

Based on the information provided, the Court concludes that Plaintiff has provided sufficient evidence of the existence of a cause of action against Defendant to obtain service by publication.

**C. Newspaper**

Under § 415.50(b), "[t]he court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served." On this issue, Plaintiff states as follows:

> Based on the information obtained through Travelers investigation, Mr. Jones last known addresses and last verified activity were locating with the San Joaquin Valley area. Travelers database searches, including Westlaw People Map results using Mr. Jones date of birth, identified San Joaquin Valley area as the most recent region in which Mr. Jones resided or maintained contact. Additionally, the in-person service attempt conducted on June 6, 2025, confirmed that the address associated with Mr. Jones was located within San Joaquin Valley.
>
> Accordingly, Travelers requests that the Court authorize publication in The Fresno Bee, a long-standing newspaper of general circulation within San Joaquin Valley that is widely distributed both in print and online. Given Mr. Jones last known ties to the San Joaquin Valley area, publication in The Fresno Bee provides the highest likelihood that Mr. Jones or someone acquainted with him will see the summons, thereby satisfying the due process objective of providing the best notice practicable under the circumstances.

(ECF No. 15, pp. 7-8).

Based on Plaintiff's representations, the Court will permit Plaintiff to utilize The Fresno

Bee for service.

**D. Service on Attorney Daurio**

Plaintiff alternatively seeks leave to serve Defendant through his purported attorney, Attorney Daurio, who has asserted that he has not been authorized to accept service for Defendant. (ECF No. 11, p. 2 – "Mr. Daurio has already confirmed that he is counsel for Mr. Jones in this very action but has not been allowed to accept service."). However, Plaintiff cited no applicable legal authority for this means of service in its motion and declined to address this issue in its supplement. Further, caselaw suggests that service upon Attorney Daurio would not be proper in these circumstances. *See Nhoung Van Nguyen v. Lucky*, No. EDCV 18-1452 JGB SPx, 2018 WL 10014508, at *1 (C.D. Cal. Aug. 13, 2018) ("Under Rule 4(e), service for an individual upon an agent can only be proper when the agent is 'authorized by appointment or by law to receive service of process.' Fed. R. Civ. P. 4(e). Accordingly, service upon Ryan Miller, Defendants' purported counsel, is insufficient without any evidence that Miller was authorized to receive service on behalf of Lucky. *See J. and L. Parking Corp., Inc. v. United States*, 834 F. Supp. 99, 102 (S.D.N.Y. 1993) (noting an attorney does not become a client's agent for service of process simply because she represented the client in an earlier action).").

Accordingly, the Court finds no basis to permit service on Attorney Daurio and will deny the motion as to this request.

**V. CONCLUSION**

Accordingly, IT IS ORDERED as follows:

1. To permit Plaintiff sufficient time to achieve service, the deadline to complete service is extended to April 6, 2026. Plaintiff shall file proof of service by no later than April 13, 2026.

2. Plaintiff's motion is granted to the extent that the Court will permit service on Defendant by publication and is denied to the extent that Plaintiff seeks to serve Defendant by serving Attorney Daurio. (ECF Nos. 11, 15).

3. Plaintiff shall begin the process of serving Defendant by publication within thirty (30) days of the date of entry of this order in accordance with the requirements of California Civil Procedure Code § 415.50(b) and California Government Code § 6064.

4. If Defendant's address is ascertained prior to the expiration of the time prescribed for the publication of the summons, Plaintiff is directed to forthwith mail Defendant a copy of the summons, the complaint, and the order for publication. Cal. Civ. Proc. Code § 415.50(b).

5. The initial scheduling conference is reset for May 15, 2026, at 10 a.m. To connect to the telephonic conference, the parties shall dial 1-669-254-5252, (2) enter 161 733 0675 for the meeting ID followed by #, (3) enter # when asked for the participant ID, (4) enter 740484 for the meeting passcode followed by #, and enter *6 to unmute. The parties shall file a joint scheduling report at least 7 days before the scheduling conference.

IT IS SO ORDERED.

Dated:   **January 5, 2026**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

7